### T. Billingsly *v.* The State.

1. Jurisdiction. — A justice of the peace has no jurisdiction to try any misdemeanor for which the fine to be imposed exceeds $200.

2. Same. — An appeal cannot confer jurisdiction of a case whereof the court *a quo* had no jurisdiction. The appellate court has no jurisdiction in such case, even though the case was one within its original jurisdiction.

3. Same — Case Stated. — A justice of the peace tried and convicted the appellant on a charge of buying twenty-two hides, and the fine was assessed and adjudged at $20 each, the legal *minimum*, aggregating $440. The cause was appealed to the County Court and tried *de novo* on its merits, with the same result. *Held*, that, as the justice had no jurisdiction, the County Court acquired none by the appeal; nor could the County Court, by virtue of the appeal, exercise its original jurisdiction to try the charge.

Appeal from the County Court of Goliad. Tried below before the Hon. W. M. Fant, County Judge.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, P. J.    This case presents almost an unbroken series of errors from its commencement to its conclusion. It appears from the transcript that one George W. Bell, a justice of the peace of Goliad County, made an affidavit before the county attorney, stating that the appellant, on February 9, A. D. 1877, did buy twenty-two hides of cattle (giving the brands on the said hides) without obtaining from the owner thereof, or his legally-authorized agent, a bill of sale in writing, certified to by the inspector or any officer authorized to take acknowledgements.    The county attorney made an information in writing, based on the affidavit of Bell, charging the appellant with the offense set out in the affidavit of Bell.    Then Bell, as justice of the peace aforesaid, issued a warrant of arrest, by virtue of which Billingsly was brought before him and tried for said offense.

The act of the fifteenth Legislature, entitled " An act to encourage stock-raising and for the protection of stock-raisers " (Gen. Laws, 295), provides as follows:

" Sec. 12. Every person who shall purchase any hides of cattle shall, at the time of purchasing the same, obtain from the owner thereof, or from his legally-authorized agent, a bill of sale in writing, certified to by the inspector, or by any officer authorized to take acknowledgments, which bill of sale shall recite in full the marks and brands of each hide, the weight thereof, and whether the same is dry or green."

" Sec. 39. Any person who shall purchase any animals or hides of cattle, without obtaining a bill of sale from the owner or his agent as required by sections eleven and twelve of this act, shall be deemed guilty of a misdemeanor, and, on conviction, shall be fined in any sum not less than twenty dollars nor more than one hundred dollars per head for each animal or hide so purchased."

The appellant was tried in the Justice's Court, Precinct No. 1, of Goliad County (George W. Bell, as justice of the peace, presiding), was convicted, and his fine assessed at

$440 — a sum beyond the jurisdiction of the Justice's Court. The Justice's Court has no jurisdiction to try any misdemeanor when the fine to be imposed exceeds $200. See Const., art. 5, sec. 19 ; also, sec. 3 of "An act to provide for the election of the justices of the peace, and to define their powers and jurisdiction," Gen. Laws Fifteenth Legislature, 155.

.   The Justice's Court having no jurisdiction to try the case, the County Court, on appeal, did not acquire jurisdiction of it.   When the court in which the suit was brought had no jurisdiction, another court, though entitled to take original jurisdiction of the case, cannot acquire it by appeal for the purpose of adjudication of the merits of the case.   An appeal cannot confer on the court a jurisdiction which the court *a quo* did not possess.   *Hearn* v. *Cuthbert*, 10 Texas, 217 ; *Aulanier* v. *The Governor*, 1 Texas, 668 ; *Horan* v. *Wahrenberger*, 9 Texas, 319 ; *Able* v. *Blomfield*, 6 Texas, 263.

The County Court had original jurisdiction of the case, and the information should have been filed by the county attorney in the County Court.   The judgment of the County Court is reversed and the cause dismissed.

*Reversed and dismissed.*